UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

JAMES McCREARY,

        Plaintiff,                              Case No. 5:06-cv-114

v.                                                         Honorable Gordon J. Quist

(UNKNOWN) ACKERMAN et al.,

        Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff will pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.       Factual allegations

Plaintiff James McCreary presently is incarcerated in the West Shoreline Correctional Facility (MTF). He sues Corrections Officer (Unknown) Ackerman, Inspector Terry Steward, and Property Room Officer D. Schilling.

Plaintiff's complaint concerns the destruction of his personal property. On December 16, 2005,[1] the MDOC transferred Plaintiff to MTF. At that time, Plaintiff attempted to claim his personal property from his footlocker in the MTF property room. Officer Schilling, however, instructed Officer Ackerman to confiscate Plaintiff's footlocker and several other personal items as contraband. Officer Ackerman also issued a minor misconduct ticket to Plaintiff for the contraband. The Michigan Department of Corrections (MDOC) Minor Misconduct Violation and Hearing Report provides that the following items were removed from Plaintiff's possession: "Footlocker with sanding marks; Robe - no numbers; walking shorts with handwritten numbers; homemade headband; and what he says are Vitamin C pills." (Attach. to Pl.'s Compl.; MDOC Minor Misconduct & Hr'g Report (quotations omitted)). Although the MDOC eventually dismissed the minor misconduct ticket for failure to hold a timely administrative hearing, Officer Ackerman still refused to return Plaintiff's confiscated personal property.

On January 11, 2006, Plaintiff received a Notice of Intent to Conduct an Administrative Hearing regarding the contraband. At the administrative hearing, Plaintiff urged the hearing officers that his property should have been returned to him in accordance with MDOC

---

[1] Plaintiff inadvertently states that his property was confiscated on December 16, 2006 in his complaint. *See* Pl.'s Compl. at 4.

policies. According to the MDOC Administrative Hearing Report, Plaintiff conceded that his robe, shorts, headband and pills were contraband. (Attach. to P's Compl.; MDOC Administrative Hr'g Report.) Plaintiff, however, argued that the footlocker was not contraband because the scratch marks occurred from the footlocker rubbing against the concrete floor. (*Id*.) The hearings officer rejected Plaintiff's claim, finding that two areas on the footlocker had been sanded down. (*Id*.) The MDOC Administrative Hearing Report advised Plaintiff that his documents were to be mailed from the facility at his expense or would be destroyed within 30 days. (*Id*.)

On February 20, 2006, Plaintiff filed a Step I grievance.[2] Before he could appeal his grievance to Step II, Plaintiff received a letter from the MTF Property Room stating that his footlocker had been destroyed per MICH. DEP'T OF CORR., Policy Directives 04.07.112 (effective November 15, 2004) and/or 05.03.118 (effective January 1, 2006). (Attach. to Pl.'s Compl.; Letter from MTF Property Room.) Although Plaintiff informed Inspector Steward about the destruction of his footlocker, he failed to take any action. In his Step II grievance, Plaintiff argues that he was denied the opportunity to present exculpatory evidence regarding his footlocker in violation of his due process rights. (Attach. to Pl.'s Compl.; Grievance No. MTF-06-03-00-127-019A, MDOC Prisoner/Parolee Grievance Appeal Form for Steps II and III.) Plaintiff also claims that his footlocker was destroyed before he completed the three-step grievance process in his Step III grievance.[3] (*Id*.) Contrary to the MTF Property Room letter, the Step III respondent mentioned that Plaintiff's footlocker had not been destroyed; rather, prison officials were holding the footlocker

---

[2]Plaintiff's Step I grievance form is difficult to read due to poor copy quality.

[3]Under MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ II, contraband shall not be disposed of until a prisoner has exhausted available administrative remedies.

until Plaintiff completed the grievance process. (Attach. to Pl.'s Compl.; Grievance No. MTF-06-03-00-127-019A, Third Step Grievance Response.) Plaintiff alleges that this was a false statement to cover up the fact that his property had been destroyed. Plaintiff finally argues that Defendants destroyed his property out of retaliation.

For relief, Plaintiff requests 1.2 million dollars in damages for the destroyed property, 1.2 million dollars for "retaliation damages," 1.2 million dollars for "pos [sic]-traumatic stress disorder resulting from the retaliation," and punitive damages. (Pl.'s Compl. at 5.)

## II. Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district court must enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[4] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its

---

[4]To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff used the form complaint in this action.

outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006); *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claims regarding the destruction of his personal property are the types of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective Dec. 19, 2003). Plaintiff filed Grievance No. MTF-06-03-00127-019A and appealed it to Step III. While Plaintiff attached his Step I grievance form to the complaint, it is illegible. "[F]or a court to find that a prisoner has administratively exhausted a claim against a particular defendant, a prisoner must have alleged mistreatment or misconduct on the part of the defendant at Step I of the grievance process." *Burton v. Jones,* 321 F.3d 569, 575 (6th Cir. 2003). Plaintiff's failure to allege or show that he named any of the Defendants in his Step I grievance alone precludes a finding of exhaustion. *Burton*, 321 F.3d at 576 n.4 (claim of retaliation, which was initially raised by prisoner in Step II of the grievance process, was not administratively exhausted). Without any legible evidence from Plaintiff that he identified any of the Defendants in any administrative proceeding or that he exhausted his administrative remedies with respect to each of the Defendants, Plaintiff failed to establish with particularity that

he exhausted his available administrative remedies against those Defendants. *See Knuckles El*, 215 F.3d at 642 (plaintiff must make particularized averments sufficient for the district court to determine what, if any, claims have been exhausted).

Because the exhaustion requirement is no longer discretionary, but is mandatory, the court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright v. Morris*, 111 F.3d 414, 417 (6th Cir. 1997). Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999); *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Generally, the Court should dismiss this action without prejudice. However, where a complaint fails to state a claim upon which relief can be granted, the Court may dismiss the claim without first requiring the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997(e)(c)(2); *Brown*, 139 F.3d 1103-04. Because Plaintiff's complaint fails to state a claim upon which relief can be granted, the Court should dismiss this action on that basis.

        III.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of

substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Due Process**

Plaintiff's due process claim appears to involve two instances of conduct. First, Plaintiff argues that he was denied the opportunity to present exculpatory evidence regarding his footlocker at his administrative hearing in violation of his due process rights. Second, he alleges that his footlocker was destroyed in violation of MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ II (contraband shall not be disposed of until after the prisoner has exhausted available administrative remedies).

Plaintiff's claims are without merit. Claims under § 1983 may not be based upon alleged violations of state law, nor may federal courts order state officials to comply with their own law. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). Plaintiff does not enjoy any federally protected liberty or property interest in state procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983); *Sweeton v. Brown*, 27 F.3d 1162, 1164 (6th Cir. 1994). Plaintiff's claims regarding state procedures therefore are not cognizable in a § 1983 action.

With respect to the constitutional component of Plaintiff's claim, it is clear that when a person stands to be deprived of his life, liberty or property, he is entitled to due process of law. U.S. CONST., AMEND. V, XIV. This due process of law gives the person notice and an opportunity to be heard before he is deprived of any significant property interest. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950)). The Due Process Clause does not guarantee that the procedure will produce a correct decision. "It must be remembered that even if a state decision does deprive an individual of

life, [liberty,] or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process." *Martinez v. California*, 444 U.S. 277, 284 n.9 (1980). "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (citations omitted) (emphasis in original).

Plaintiff's due process claim is flawed. It is clear that Plaintiff received adequate process of law before he was permanently deprived of his personal property. The MDOC held an administrative hearing for Plaintiff before prison staff destroyed his personal property. Further, Plaintiff could have mailed his personal property out of the prison within thirty days of the January 26, 2006 administrative hearing. (*See* Attach. to Pl.'s Compl.; MDOC Administrative Hr'g Report.) Plaintiff's footlocker was destroyed almost two months after the administrative hearing, on March 22, 2006. (*See* Attach. to Pl.'s Compl.; Letter from MTF Property Room.) Plaintiff therefore fails to state a due process claim.

B.  **Retaliation**

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (*en banc*). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the


defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)). It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (N.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). "[A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. Apr. 10, 1992); *see also Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994).

Plaintiff's allegations are wholly conclusory in this action. Plaintiff merely alleges the ultimate fact of retaliation. He has alleged no facts to support his conclusion that Defendants retaliated against him by destroying his footlocker for filing a Step I grievance. Accordingly, Plaintiff's speculative allegations fail to state a claim of retaliation.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

     /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 12, 2006

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).